UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
MAR 0 5 2007
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KENNEBEC TELEPHONE COMPANY, INC.; and SANTEL COMMUNICATIONS COOPERATIVE, INC., | CIV 06-4144 |
| Plaintiffs, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| SPRINT COMMUNICATIONS COMPANY LIMITED PARTNERSHIP, | |
| Defendant and Third Party Plaintiff, | |
| -vs- | |
| EXPRESS COMMUNICATIONS, INC., | |
| Third Party Defendant and Third Party Plaintiff, | |
| -vs- | |
| ONVOY, INC.; and TRANS NATIONAL COMMUNICATION INTERNATIONAL, INC., | |
| Third Party Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court are Third Party Defendant Onvoy, Inc.'s ("Onvoy") Motion to Dismiss Third Party Plaintiff Express Communications, Inc.'s Third Party Complaint, for Attorneys' Fees and Costs, or Alternatively, to Transfer Venue, Doc. 28, and Third Party Defendant Trans National Communication International, Inc.'s ("Trans National") Motion to Dismiss the Third Party Complaint of Express Communications, Inc., Doc. 36. The motions have been briefed by Onvoy,

Trans National and Third Party Plaintiff Express Communications, Inc. ("Express"). For the reasons set forth below, the motions will be granted on the basis that the forum selection clauses in the contracts at issue in the Third Party Complaint are valid and enforceable against Express.

## BACKGROUND

Plaintiffs, Kennebec Telephone Company, Inc. and Santel Communications Cooperative, Inc., are local telephone companies, who brought this action against Sprint Communications Company Limited Partnership ("Sprint"), claiming that Sprint is liable to them for originating and terminating telephone access fees (referred to herein as "access fees"). Sprint then filed a Third Party Complaint against Express, claiming Express owes the access fees to Plaintiffs and seeking indemnity from Express if Sprint is held liable for Plaintiffs' access fees. Express then filed a Third Party Complaint against Onvoy and Trans National. It is this Third Party Complaint that is the subject of the pending motions to dismiss.

Express claims in its third-party claim against Onvoy that Onvoy should be required to indemnify Express if it is held liable for Plaintiffs' access fees. The causes of action asserted against Onvoy are for breach of contract, negligent misrepresentation and breach of the covenant of good faith and fair dealing. The breach of contract claim is based upon a contract between Express and Onvoy, in which Express claims Onvoy "warranted that the underlying carrier would pay all access charges levied by the Plaintiffs." (Third Party Complaint, Doc. 20, ¶ 11.) Express claims Onvoy breached the contract "by not making proper arrangements that would ensure that Onvoy's underlying carrier would pay the access charges." (Third Party Complaint, Doc. 20, ¶ 11.) The underlying carrier referred to in the Third Party Complaint is Sprint. The negligent misrepresentation claim is that "Onvoy represented to Express that the underlying carrier would pay the access charges." (*Id.* at ¶ 14.) Express further claims it relied upon this misrepresentation, that it was injured because the representation was erroneous and Sprint has refused to pay the access charges, and that Express had the right to rely on Onvoy for this representation. The third claim against Onvoy is that under the contract between the parties, Onvoy owes a duty to Express to

2

provide accurate and reliable information concerning who would pay the access fees and that Onvoy had an obligation to proceed in a manner consistent with good faith and fair dealing.

In its third-party claim against Trans National, Express asserts it is a third-party beneficiary of a contract between Onvoy and Trans National. Express claims Onvoy and Trans National entered into a contract for the provision of interexchange service that was to fulfill Onvoy's contractual duties to Express. This contract, Express alleges, "warranted that the underlying carrier would pay all applicable access charges due Plaintiffs." (Third Party Complaint, Doc. 20, at ¶ 26.) After quoting a paragraph from the contract between Onvoy and Trans National that provides the underlying carrier would pay all access charges based upon the contract between Trans National and the underlying carrier, Express alleges Trans National breached this contract "by not making proper arrangements that would ensure the underlying carriers would pay the access charges to the Plaintiffs." (*Id.* at ¶¶ 26, 28.) Again, the underlying carrier in this arrangement is Sprint.

Onvoy and Trans National move to dismiss Express' claims against them on several grounds, including that the contracts Express claims these parties have breached contain valid forum selection clauses requiring that any disputes regarding the contracts be resolved in other jurisdictions. Express resists the motions to dismiss.

## DISCUSSION

In considering a motion to dismiss, the Court must assume all facts alleged in the complaint are true, *see Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994), and the complaint is to be viewed in the light most favorable to the non-moving party, *see Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The Court may consider exhibits attached to the complaint in ruling on a motion to dismiss. *See Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003). Moreover, "[i]n a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." *Id.* "A motion to dismiss should be granted as a practical matter ... only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Id.* (citations and quotation marks omitted).

3

Express' claims against Onvoy and Trans National involve two different contracts. Express is a party to the contract with Onvoy and that contract contains a dispute resolution agreement and a forum selection clause:

> *(I) Dispute Resolution/Governing Law.* Any unresolved disputes arising under this Agreement shall be first submitted to non-binding mediation. Unless the dispute is resolved after consultation between liaisons of each Party, a mediator shall be selected by mutual agreement of the Chief Operations Officers of each Party. In the event a dispute cannot be resolved by mediation, then the Parties agree that the dispute may be submitted to litigation but not to arbitration. This Agreement shall be governed by and construed in accordance with the laws of the state in which the Party alleged to have breached the Agreement resides, and except to the extent that federal communications law applies. Any action arising from this Agreement shall be venued in the state in which the Party alleged to have breached the Agreement resides.

(Third Party Complaint, Doc. 20, Ex. A.) This clause requires the parties to submit any dispute under the contract to non-binding mediation. Moreover, Express claims Onvoy breached the Agreement, and thus, according to the terms of the contract, the proper venue for this dispute is in the state of Minnesota where Onvoy is located.

In the Eighth Circuit, a "strong presumption of enforceability" attaches to a forum selection agreement. *Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 792 (8th Cir. 2006). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching. They are enforceable unless they would actually deprive the opposing party of his fair day in court." *M.B. Rest., Inc. v. CKE Rest., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (citations omitted). Express' claims against Onvoy stem from the contract between the parties, and Express has not shown any reason for finding the forum selection clause unjust, unreasonable or invalid. Although it will be inconvenient for Express to defend the present action and separately pursue a claim against Onvoy in Minnesota, inconvenience to Express does not constitute grounds for excusing Express from the explicit terms of its contract with Onvoy. *See id.* (holding that "inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause.")

4

Express' claim against Trans National is that it is a third-party beneficiary to the contract between Onvoy and Trans National and that Trans National breached that contract. The Court need not rule on the merits of that claim, however, because if Express is a third-party beneficiary of the contract between Onvoy and Trans National, it is bound by the forum selection clause in the contract, which provides that the laws of the state of Massachusetts shall govern disputes under the contract. The Eighth Circuit has not yet decided whether state or federal law applies in determining the enforceability of a forum selection clause. *See Servewell Plumbing*, 439 F.3d at 789. Even though the result of the selection does have substantive law application results, the enforceability of the forum selection clause itself does seem to be largely procedural and should be determined under federal law and the principles of federalism. The result here is, however, no different under federal law or state law as the forum selection clause is enforceable between these sophisticated business entities.

The Superior Court of Massachusetts held that a forum selection clause was not enforceable as to the plaintiffs' claims against one of the defendants because that defendant was neither a party to nor a third-party beneficiary of the contract at issue. *Roskind v. Hanna*, 1998 WL 1198799 (Mass.Super. Aug. 10, 1998) (unpublished). Thus, the implied holding in *Roskind* is that if a litigant is a party to or a third-party beneficiary of a contract containing a valid forum selection clause and the litigant's claims are based on that contract, the litigant would be bound by the forum selection clause. The contract between Onvoy and Trans National provides that the laws of the state of Massachusetts shall govern the contract and that "any action brought by [Onvoy] is only proper in the state and federal courts located in Suffolk County, Massachusetts, which shall have exclusive jurisdiction for resolution of those disputes." (Trans National's Memorandum, Doc. 37, Ex. A, p. 4.) Express has not shown any reason for finding this forum selection clause is unjust, unreasonable or invalid. Accordingly, any alleged breach of the contract between Onvoy and Trans National must be resolved in the state and federal courts located in Suffolk County, Massachusetts.

5

For the reasons set forth above, the Court finds the forum selection clauses in the two contracts at issue in Express' Third Party Complaint are valid and enforceable against Express and the Motions to Dismiss will be granted without prejudice. Accordingly,

IT IS ORDERED:

1. That Third Party Defendant Onvoy, Inc.'s Motion to Dismiss, Doc. 28, is granted without prejudice on the ground that the forum selection clause is enforceable against Express Communications, Inc., and is denied in all other respects.

2. That Third Party Defendant Trans National Communications International, Inc.'s Motion to Dismiss, Doc. 36, is granted without prejudice on the ground that the forum selection clause in the contract between Onvoy and Trans National is enforceable against Express Communications, Inc., and is denied in all other respects.

3. That the Third Party Complaint, Doc. 20, filed by Express Communications, Inc., is dismissed without prejudice.

4. That Onvoy, Inc. and Trans National Communications International, Inc. are dismissed as parties to this action and the caption shall be amended to delete any reference to these two entities.

Dated this 5th day of March, 2007.

BY THE COURT:

_[signature]_
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _[signature]_ Shelly Margulies
        DEPUTY